IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


TERESA WARE                                                                              PLAINTIFF

vs.                                                              CIVIL ACTION NO. 3:14-cv-082-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SSA                                                              DEFENDANT


MEMORANDUM OPINION

Plaintiff Teresa Ware seeks judicial review under 42 U.S.C. § 405(g) of a decision by the Commissioner of Social Security denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. Docket 10, p. 67-77. Ware filed her application on September 27, 2011, asserting an onset date of February 1, 2011. Docket 10, p. 67. The Commissioner denied her claim initially and on reconsideration. Docket 10, pp. 30-33, 36-37. Plaintiff challenged the denial of benefits and requested a hearing before an Administrative Law Judge (ALJ). Docket 10, pp. 38. She was represented by an attorney at the administrative hearing on July 23, 2013. Docket 10, p. 257. The ALJ issued an unfavorable decision on September 23, 2013. Docket 10, p. 15-25. The Appeals Council denied her request for review. Docket 10, p. 6-10. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

I. FACTS

Plaintiff was born on November 7, 1972 and was forty years old on the date of the hearing before the ALJ. Docket 10, p. 262. She dropped out of school in the 8th grade. Docket 10, p. 263.

1

She was previously employed as a grill cook. Docket 10, pp. 104, 288. She claims disability from asthma, high blood pressure, back problems, arthritis, and panic attacks. Docket 10, pp. 104, 288.

The ALJ determined that plaintiff suffers from "severe" impairments of obesity and arthritis. Docket 10, pp. 15-17. Despite finding she had these severe impairments, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Docket 10, p. 17, Finding No. 3. The ALJ examined the evidence in the record, including the records and opinions of the consultative examiner Dr. Robert Shearin, hospital records, and medical records from the Aaron Henry Community Health Clinic, mental health professional Dr. Pamela Buck and non-examining state agency consultant Dr. Robert Culpepper. This evidence, along with the plaintiff's testimony and an adult function report completed by the plaintiff, led the ALJ to conclude that plaintiff's residual functional capacity [RFC] includes:

> the residual functional capacity to lift or carry ten pounds occasionally, less that ten pounds frequently; stand or walk for two hours out of an eight-hour work day; and sit for six hours out of an eight-hour workday. The claimant may never climb ladders, ropes, or scaffolds; but may occasionally climb ramps or stairs; occasionally stoop, crouch, kneel, or crawl; and must avoid concentrated exposure to environmental irritants.

Docket 10, p. 17, Finding No. 4. In reaching this RFC decision the ALJ found the plaintiff's subjective complaints less than fully credible and that her allegations of stringent functional limitations were disproportionate to the objective medical evidence. Docket 10, pp. 19-21.

The ALJ found that even though this RFC left plaintiff unable to perform her past relevant work [Docket10, p. 21, Finding No. 5], in light of testimony from a vocational expert (VE) and plaintiff's age, education, work experience and RFC, jobs exist in significant numbers in the national economy that plaintiff could perform, including charge account clerk, DOT number 205-

367-014 ; surveillance monitor, DOT number 379.367-010; and an eyeglass inserter, DOT number 713.687-026. Docket 10, p. 24, Finding No. 9.

Plaintiff now appeals to this court. She contends the ALJ's RFC for plaintiff is not supported by substantial evidence because the ALJ did not properly evaluate plaintiff's asthma, or her obesity or the medical source statement from Dr. Robert Shearin, M.D. In addition, plaintiff argues that the ALJ was required to make a separate finding regarding whether the plaintiff was capable of maintaining work. Docket 16.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining her burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove her impairment is "severe" in that it "significantly limits [her] physical or mental ability to do basic work activities . . . ."[4] At step three, the ALJ must conclude plaintiff is disabled if she proves that her impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff

---

[1] *See* 20 C.F.R. § 416.920 (2010).

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. § 416.920(b) (2010).

[4] 20 C.F.R. § 416.920(c) (2010).

[5] 20 C.F.R. §416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity."

does not meet this burden, at step four she must prove that she is incapable of meeting the physical and mental demands of her past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that she is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that she cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant

---

20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. § 416.920(e) (2010).

[7] 20 C.F.R. § 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

1.  Evaluation of Plaintiff's Asthma

In his decision, the ALJ summarized plaintiff's testimony regarding her claim that she is impaired by asthma and discussed the medical records relating to bronchial problems. He concluded that "[w]hile the record establishes a history of asthma, without evidence of related functional limitations, the undersigned finds the claimant's asthma is non-severe." Docket 10, p. 18, citing <u>Stone v. Heckler</u>, 752 F.2d 1099 (5th Cir. 1985). Docket 10, p. 19. Plaintiff argues that the ALJ erred by not finding "the asthma of which the claimant complained a great deal to be a severe impairment. . . . He failed to acknowledge that the Plaintiff had what he considered to be non-severe impairments as provided under *Stone v. Heckler*, 752 F.2d 1099 (5th Cir. 1985)." Docket 16, p. 6. Pointing only to her testimony, subjective complaints, and medical records from an emergency room visit, all of which the ALJ discussed in his opinion, plaintiff contends that her asthma should have been determined a "severe impairment."

5

Social Security Regulations define a severe impairment as one "which significantly limits [a plaintiff's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). The Fifth Circuit found that a literal application of that definition is inconsistent with the statutory language and legislative history of the Social Security Act. *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985). Instead, the Fifth Circuit says, "an impairment is not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985); *see also Loza v. Apfel,* 219 F.3d 378, 391 (5th Cir.2000). Using this step two argument of semantics, the plaintiff contends the ALJ did not correctly apply the standards in concluding plaintiff's asthma was not severe. *See Sanders v. Astrue*, 2008 WL 4211146, *6 (N.D. Tex. Sept. 12, 2008), citing *Loza,* 219 F.3d at 393; *Stone,* 752 F.2d at 1106. Despite plaintiff's attempts to ignore the ALJ's reference to correct standards and citation to the *Stone* decision, the court cannot overlook that the ALJ did, in fact, properly apply the appropriate legal standards. Even if the ALJ had omitted direct citations to *Stone*, the Fifth Circuit has since held that it is not necessary to remand a case simply because the ALJ did not use "magic words;" remand is required only where there is no indication the ALJ applied the correct standard. *White v. Astrue*, 2009 WL 763064 (N.D. Tex. Mar. 23, 2009) citing *Hampton v. Bowen,* 785 F.2d 1308, 1311 (5th Cir.1986).

In this case, the ALJ's decision not only reflect that he thoroughly considered the medical evidence and plaintiff's testimony and properly determined her asthma to be non-severe (and quoted all necessary standards), but also that he continued the evaluation process though all five steps, including plaintiff's non-severe asthma in these findings. The ALJ included in his RFC

6

finding that plaintiff "must avoid concentrated exposure to environmental irritants," [Docket 10, p. 1], and his hypothetical questions to the vocational expert (VE) included the need to avoid concentrated exposure to environmental irritants such as fumes, odors, dust and gases, . . ." Docket 10, pp. 288-289.

A plaintiff's subjective complaints, alone, are insufficient to establish a disability. *See* 20 C.F.R §§ 416.928(a), 416.929(a). In determining whether a plaintiff is disabled, the ALJ must consider the extent to which a plaintiff's alleged symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence. *Id.* The ALJ in this case properly evaluated the subjective complaints and the medical evidence and properly questioned a VE. Following the appropriate standards and procedures, he determined plaintiff's allegations of severe asthma were inconsistent with the medical evidence. Moreover, he did not ignore the non-severe impairment, but included it in plaintiff's RFC and his hypothetical questions to the VE. The court does not find error in the ALJ's consideration of the evidence, his RFC determination, or his decision.

    2.    <u>ALJ's consideration of Dr. Shearin's Medical Source Statement</u>

Dr. Robert Shearin conducted a consultative examination of the claimant on August 2, 2012. In discussing Dr. Shearin's medical records and his stated opinions the ALJ ultimately determined that the doctor's opinions regarding plaintiff's functional abilities were at odds with his own medical records:

> Dr. Shearing personally examined the claimant and submitted records consistent with his objective findings. Accordingly, the undersigned accords substantial weight to Dr. Robert Shearin's objective findings. However, the undersigned accords little weight to Dr. Shearin's medical source statement as it is unsupported by Dr. Shearin's findings or the record as a whole.

Docket 10, pp. 21-23. In sum, the ALJ considered the opinions of Dr. Shearin, who was consultative examiner and not a treating physician, and finding that his opinions were based to a great extent on the plaintiff's subjective complaints, discounted those opinions in favor of evidence that was unequivocally supported by objective medical findings. Plaintiff argues that because "the ALJ in making his findings was reviewing the same evidence that Dr. Shearin had and came to a different conclusion [the ALJ was] 'playing doctor.'" Docket 16, p. 10. She contends that the ALJ's selective reliance on some opinion evidence in the record, but not Dr. Shearin's medical source statement, is inappropriate "cherry picking" to select opinions that support his conclusions.

In the Fifth Circuit, an ALJ must consider all medical opinions in determining the disability status of a benefits claimant. *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); 20 C.F.R. §§ 404.1527(b), 416.927(b). Nonetheless, opinions on ultimate issues, such as disability status under the regulations, are reserved exclusively to the ALJ. *Id.* at 455; 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all medical findings and evidence that support those statements. *Id.; see also Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507 (S.D. Tex. 2003). Further, it is the responsibility of an ALJ to resolve conflicting medical opinions in arriving at a supported RFC finding. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (conflicts in evidence are for the Commissioner and not the courts to decide.).

It is appropriate for an ALJ to discredit a plaintiff's subjective complaints in the face of contradictory medical reports or reports of daily activities. *Griego v. Sullivan*, 940 F.2d 942, 945 (5th Cir. 1991). "The law is clear that although the opinion of an examining physician is

generally entitled to more weight than the opinion of a non-examining physician, the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987), citing *Oldham v. Schweiker,* 660 F.2d 1078, 1084 (Former 5th Cir. Unit B 1981) (rejecting conclusory statement of treating physician in favor of conclusions of reviewing physician). Following this reasoning, the Fifth Circuit has held that an ALJ is free to choose among the conclusions of examining physicians. *Bradley*, 809 F.2d at 1057.

In this case, the ALJ clearly detailed Dr. Shearin's findings and the plaintiff's complaints. He also pointed to specific contradictions between the subjective complaints and medical evidence, including Dr. Shearin's own medical reports.

> Despite the claimant's complaints of standing, walking and sitting limitations, the record evidence fails to affirm her allegations. Consultative examiner, Dr. Robert Shearin noted upon physical examination that the claimant was able to walk heel to toe without stumbling or loss of balance. She could forward flex, extend, lateral flex, and rotate without difficulty. Squatting elicited pain in the claimant's knees. The claimant performed finger to nose maneuvers but complained of left shoulder pain while doing so. The claimant was able to walk on her heels and toes. Strength and symmetry of all muscle groups were normal. Abduction of her left shoulder to 75 degrees and flexion to 90 degrees elicited pain. Full range of motion with abduction and flexion was not as painful on the right. The claimant was able to go through full range of motion of the knees. X-rays of the lumbar spine revealed degenerative facet disease involving the lower lumbar spine which likely accounts for the very mild malalignment at L4/L5 (Exhibit 6F). . . .
> Dr. Robert Shearin formed the impression of reported chronic back pain with few supportive findings; . . . . He also assessed if the claimant's left shoulder pain was relieved, the claimant appeared capable of carrying out work related activities that require sitting, standing, walking, for ten minutes or less or lifting carrying and handling objects. . . . He also noted that appearing viably obese, the claimant appeared comfortable standing, sitting and reclining and ambulation was normal.

Docket 10, p. 21. After reviewing the records as a whole and properly determining plaintiff not entirely credible, the ALJ reconciled Dr. Shearin's medical opinion with the objective medical

9

findings in the case. This exercise was entirely within the purview of the ALJ; it is not "playing doctor," but carrying out his duties in making supported determinations within the framework of the case. The court is obliged to grant deference to the ALJ regarding these determinations. *Leggett*, 67 F.3d at 564. The court finds that ALJ acted within the scope of his authority and properly detailed his reasons for affording lesser weight to Dr. Shearin's medical source statement.

3. <u>Obtaining and Maintaining Employment</u>

The plaintiff contends that the ALJ was required to make a finding that the plaintiff not only could obtain, but could also maintain employment for significant periods of time, and that his failure to do so is an error that requires remand. In making her argument, plaintiff cites Fifth Circuit case law[11] and SSR96-8p, but does not cite to either of two later Fifth Circuit cases,[12] both of which point out that the issue of whether a plaintiff can maintain employment for a period of time may be addressed within the analysis regarding plaintiff's ability to obtain employment. *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003). In addition, the *Frank* court specifically held that it is not necessarily error for an ALJ to fail to make a separate and specific finding addressing the plaintiff's ability to maintain employment. *See Frank*, 326 F.3d at 621. In any event, plaintiff identifies no specific reason or any evidence to support an assertion that she would not be able to maintain employment. Instead she simply argues that without a specific finding to that end, the case must be remanded. This is simply an incorrect assertion, and her argument

---

[11]*Moore v. Sullivan*, 895 F.2d 1065, 1069 (5th Cir. 1990) and *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001).

[12]*Watson v. Barnhart*, 288 F.3d 212, 218 (5th Cir. 2002) or *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003).

must fail.

  4.  Evaluation of Plaintiff's Obesity

According Social Security Ruling 02-1p, "[o]besity can cause limitation of function." SSR-02-1p, p. 6. Potential limitations include deterioration or impairment "in any of the exertional functions such as sitting, standing, walking, lifting, carrying, pushing, and pulling," as well as an individual's "ability to do postural functions, such as climbing, balance, stooping, and crouching." *Id.* Finally, "[t]he ability to tolerate extreme heat, humidity, or hazards may also be affected." *Id.* The Ruling acknowledges that often obesity may affect an individual in a less than obvious manner, "[f]or example, some people with obesity also have sleep apnea." *Id.* As a consequence, the ruling requires an ALJ to assess the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment, taking into account fatigue or other combined effects of obesity which, with other impairments, may be greater than might be expected without obesity. *Id.* The plaintiff argues that although the ALJ determined plaintiff's obesity was a severe impairment, he then failed to evaluate it further and "brushed aside any of its effects. . . ," thus rendering the decision flawed and requiring remand. Docket 16, p. 17.

In this case, the ALJ found at step two plaintiff's obesity was a severe impairment. Docket 10, p. 17, Finding No.2. At step three, he found that the plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Docket 10, p. 19, Finding No.3. At step four, the ALJ determined plaintiff's RFC to be generally in a sedentary range with some limitations. Docket 10, p. 19, Finding No. 4. In his analysis, the ALJ discussed the

plaintiff's obesity and noted that although it is a documented medical issue, it does not appear to have ill effects; in fact, during Dr. Shearin's examination, plaintiff was "visibly obese, [yet] appeared comfortable standing, sitting and reclining and ambulation was normal." Docket 10, p. 21. The ALJ also noted plaintiff was able to grocery shop and help with the laundry. Docket 10, p. 22.

Ruling 02-1p advises that "there is no specific level of weight or BMI that equates with a 'severe' or 'non-severe' impairment." SSR 02-1p, 2002 WL 34686281, *4. Although plaintiff argues that her weight is equivalent or more than of that of the claimant in other social security cases in which obesity was found to be a severe impairment, she misses the point that it is not the number on the scale but the effects of the weight on the individual's functioning and ability that factors into the ALJ's analysis.

In this case, the ALJ asked the plaintiff at the hearing about her weight. Docket 10, p.262. The ALJ's decision discussed plaintiff's weight, her abilities to walk, sit, stand, and engage in other postural activities and credited some of her stated limitations as a result of her obesity. Docket 10, p. 21-23. The medical evidence in the record supports the ALJ's findings, and the plaintiff has pointed to no evidence other then her own subjective complaints and inapt comparisons to other social security claimants to support her argument. The court deduces no error in the ALJ's decision.

## IV. CONCLUSION

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, the court holds that the ALJ's opinion applied the correct legal standard and was supported by substantial evidence. The decision of the Commissioner is

affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 3rd day of December, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE